# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| ILEANA RODRIGUEZ, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 7:20-cv-01319-ACA-JHE |
| MR. GARRET, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On September 30, 2020, the magistrate judge entered a report and recommendation, recommending that the court dismiss with prejudice Ileana Rodriguez's 28 U.S.C. § 2241 petition for a writ of habeas corpus. (Doc. 6). Ms. Rodriguez filed timely objections to the report and recommendation. (Doc. 7).

Ms. Rodriguez's first objection is that the magistrate judge "clearly state[d]" that he had not reviewed documents that she sent to the court on September 28, 2020. (Doc. 7 at 1). To the contrary, the magistrate judge explicitly acknowledged Ms. Rodriguez's traverse, (*see* doc. 6 at 2), which is the document she references in her objections. Ms. Rodriguez's traverse includes medical records that she claims demonstrate that she is a candidate for early release. Despite what Ms. Rodriguez's medical records might show about her risk for contracting COVID-19, the magistrate judge properly explained that a prisoner has no constitutionally protected interest in

her place of confinement and that no statutory authority under the CARES Act provides a district court with authority to transfer a prisoner to home confinement. (Doc. 6 at 2–5). Ms. Rodriguez's medical records do not undermine this conclusion.[1] Accordingly, the court **OVERRULES** Ms. Rodriguez's first objection.

Ms. Rodriguez's second objection is that the magistrate judge erred by finding that she is not entitled to pursue her claims through a petition under 28 U.S.C. § 2241. (Doc. 7 at 1–2). The magistrate judge properly construed Ms. Rodriguez's petition as one pursuant to § 2241, and again, he correctly concluded that Ms. Rodriguez is not entitled to habeas relief. (Doc. 6 at 2–5). Therefore, the court **OVVERRULES** Ms. Rodriguez's second objection.

Ms. Rodriguez's third objection is that the magistrate judge erred by stating that she cannot obtain relief in this court and must pursue her request through a motion for compassionate relief in the court that imposed her sentence. (Doc. 7 at 2). Ms. Rodriguez correctly notes that a petitioner must file a § 2241 petition in a court in the district in which she is incarcerated. (*Id.*). But this does not mean that Ms. Rodriguez is entitled to the relief she seeks in her petition. And the magistrate judge properly explained that to the extent she seeks compassionate release, Ms. Rodriguez must do so by filing a motion in her underlying criminal case with the

---

[1] Ms. Rodriguez asks the court to review the documents attached to her traverse. (Doc. 7 at 3). The undersigned has done so, but it does not alter the conclusion that the court may not grant the relief Ms. Rodriguez seeks in her petition.

2

...

sentencing court.[2]  Accordingly, the court **OVERRULES** Ms. Rodriguez's third objection.

Having reviewed *de novo* the entire file in this action, including the report and recommendation, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation.  The court **WILL DISMISS** Ms. Rodriguez's 28 U.S.C. § 2241 petition for a writ of habeas corpus.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 19, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[2] The magistrate judge further explained that Ms. Rodriguez has already filed a motion for compassionate release with the sentencing court, and that court denied her motion.  (Doc. 6 at 6).